IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MELANIE DRAKE, | : |
| Plaintiff, | : |
| v. | : Case No. 3:24-cv-63-CDL-AGH |
| MONICA SALDANO, *et al.*, | : |
| Defendants. | : |

### ORDER

On July 1, 2024, Plaintiff filed a *pro se* complaint (ECF No. 1). On July 17, 2024, the Court granted her recast motion for leave to proceed *in forma pauperis* ("IFP") (Docs. 8, 7). As a result, the Court must perform a frivolity review of her complaint. For the following reasons, Plaintiff is ordered to recast her complaint.

Under 28 U.S.C. § 1915(e)(2), once a court grants a plaintiff's motion for leave to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action[.]" *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quotation marks omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain an action[.]" *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

It appears Plaintiff is attempting to assert a claim for wrongful termination of her employment. Compl. 4, ECF No. 1. She contends that she was "fired out of retaliation for speaking up against [her] supervisor who is Hispanic." *Id.* For three

reasons, Plaintiff must recast her complaint.

First, Plaintiff did not select—or otherwise indicate—the basis for the Court's jurisdiction. Plaintiff could have selected Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, and others, or she could have provided a specific federal, state, or city law upon which she was relying. Compl. 3. Second, Plaintiff does not state when she filed her charge with the Equal Employment Opportunity Commission ("EEOC") or EEOC counselor, nor does she attach a copy of the Notice of Right to Sue letter from the EEOC. *Id.* 5. Finally, Plaintiff does not include any facts to support her claims. *Id.* at 4.

It seems clear to the Court that Plaintiff is attempting to file retaliation claims under Title VII, but the deficiencies noted above may make her complaint subject to dismissal for failure to state a claim. Assuming she is asserting a retaliation claim, she has not established that she exhausted her administrative remedies with the EEOC. To exhaust administrative remedies, a Title VII plaintiff "first must file a timely charge of discrimination with the EEOC." *Bess v. Dental Scheduling Ctr. Inc.*, 710 F. Supp. 3d 1295, 1302 (M.D. Ga. 2023) (citing *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004)). To determine whether a charge was timely filed with the EEOC, the Court must consider two issues: "(1) whether [the plaintiff] filed her EEOC charges in a timely manner and (2) whether the substance of her complaint filed in this Court sufficiently 'gr[e]w out of' the factual allegations in her EEOC charge." *Id.* at 1302-03 (alteration in original) (quoting *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994)).

In Georgia, to timely file an EEOC charge, "it must be filed within 180 days of the last discriminatory act." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (citing 42 U.S.C. § 2000e-5(e)(1)). "[E]ach retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). In cases of retaliatory termination, the date of the allegedly wrongful termination is the date from which the 180 days begins to run. *Bess*, 710 F. Supp. 3d at 1303.

The United States Court of Appeals for the Eleventh Circuit has held that a Title VII plaintiff's "judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall*, 19 F.3d at 589 n.8. "In other words, the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation[.]" *Bess*, 710 F. Supp. 3d at 1303 (quoting *Sanchez v. Std. Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).[1]

Because Plaintiff did not provide the date on which she filed her charge with the EEOC or EEOC counselor, the Court cannot determine whether Plaintiff's complaint is timely under Title VII. Similarly, because Plaintiff did not attach her Notice of Right to Sue letter from the EEOC, the Court cannot determine—to the extent Plaintiff has alleged any facts—whether Plaintiff's judicial complaint is within the same scope as her charge before the EEOC.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Finally, Plaintiff also names individual Defendants. Compl. 2. To the extent Plaintiff seeks to file a Title VII judicial complaint, the "relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Thus, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id.* Consequently, the named individual Defendants would be subject to dismissal to the extent Plaintiff seeks to assert individual capacity claims against them because it is not clear whether the individual Defendants have been named as agents of the employer.

For these reasons, Plaintiff has failed to state actionable retaliation claims under Title VII. Because Plaintiff is proceeding *pro se*, the Court will give Plaintiff one opportunity to recast her pleading to address these deficiencies. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend [her] complaint instead of dismissing it."). Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to file a recast complaint to address these shortcomings. Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. The Court will, therefore, consider only the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint or other documents submitted to the Court.

5

Accordingly, any fact Plaintiff deems necessary to prosecute her lawsuit should be clearly stated in her recast complaint, even if Plaintiff has previously alleged it in another filing.

Plaintiff is advised that, if she fails to timely comply with this Order, the Court may dismiss her action without prejudice pursuant to Federal Rules of Civil Procedure Rule 41(b) for failure to prosecute and failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may *sua sponte* dismiss an action pursuant to Federal Rules of Civil Procedure Rule 41(b)); *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) ("[T]he district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order.").

In summary, Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to submit a recast complaint.  Plaintiff is also advised that she must immediately notify the Clerk of Court of any address change.

**SO ORDERED**, this 19th day of November, 2024.

                                              s/ *Amelia G. Helmick*
                                              UNITED STATES MAGISTRATE JUDGE